**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000390
27-JUN-2019
08:52 AM**

NO. CAAP-19-0000390

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ROBERTA WILBORN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-19-0000658)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Hiraoka, JJ.)

Upon review of the electronic pleadings record for the underlying case in circuit court criminal court case number 1CPC-19-0000658, the Honorable Shirley M. Kawamura presiding, it appears that we lack appellate jurisdiction over this appeal by Defendant-Appellant Roberta Wilborn (Wilborn), pro se, from Plaintiff-Appellee State of Hawaii's (the State) April 29, 2019 felony information and non-felony complaint charging Wilborn with (1) promoting a dangerous drug in the third degree in violation of Hawaii Revised Statutes (HRS) § 712-1243 (2014) and (2) criminal trespass in the second degree in violation of HRS § 708-814 (Supp. 2018).

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The law that allows appeals from circuit court criminal cases is

HRS § 641-11 (2016), which provides that "[a]ny party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court, subject to chapter 602, in the manner and within the time provided by the rules of court. The sentence of the court in a criminal case shall be the judgment." Thus, "[u]nder HRS § 641-11, the sentence of the court in a criminal case is the judgment from which an appeal is authorized[,]" and where "[t]here [is] no conviction and sentence in . . . [a] case, there can be no appeal under HRS § 641-11[.]" State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) (internal quotation marks and citations omitted); State v. Johnston, 63 Haw. 9, 11, 619 P.2d 1076, 1077 (1980) (Dismissing an appeal for lack of appellate jurisdiction where a defendant had filed a notice of appeal from an order denying the defendant's motion to dismiss an indictment, even though the circuit court later entered a judgment with a sentence, because "such an order is interlocutory and is not a final order or judgment. It is therefore not one that is appealable under HRS § 641-11."); State v. Ferreira, 54 Haw. 485, 486-87, 510 P.2d 88, 89 (1973) (Dismissing an appeal from a "judgment of conviction [that] does not include any sentence imposed upon the defendant[.]").

In determining whether an order or judgment qualifies for appealability under HRS § 641-11, the Supreme Court of Hawai'i has "focused the inquiry on whether the relevant order terminated the proceedings in the case and left nothing further to be accomplished by the lower court." Nicol, 140 Hawai'i at 492, 403 P.3d at 269. Consequently, in addition to authorizing an appeal from a judgment with a sentence, "HRS § 641-11 authorizes a defendant's appeal in a criminal matter from a circuit court order dismissing the proceedings without prejudice." Id. at 494, 403 P.3d at 271 (footnote omitted).

In the instant case, the circuit court has not yet held a trial, nor has the circuit court entered judgment on or dismissed the State's felony information and non-felony

2

complaint. In the absence of either a judgment of conviction with a sentence or an order dismissing the two charged crimes without prejudice, leaving nothing further to be accomplished, the underlying circuit court case is not yet eligible for appellate review. Wilborn's appeal from the ongoing proceedings is premature, and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED appellate court case number CAAP-19-0000390 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 27, 2019.


Presiding Judge


Associate Judge


Associate Judge

3